IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS PAUL RICHARD, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs | ) | Civil Action No. 07-16 |
| | ) | |
| WARDEN SCI GRATERFORD, et al., | ) | Magistrate Judge Mitchell |
| | ) | |
| Respondents. | ) | |

ORDER

Petitioner, Thomas Paul Richard, Sr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania, which was transferred to this Court on January 5, 2007. He is serving a 25½ to 51 year sentence following his conviction, by a jury, of rape, involuntary deviate sexual intercourse, aggravated indecent assault, simple assault, endangering the welfare of children and corruption of the morals of a minor at No. 3607 of 2000 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on October 25, 2000.

On January 8, 2008, a Memorandum and Order was filed, dismissing the petition and denying a certificate of appealability (ECF No. 83). Petitioner filed a notice of appeal, but on March 19, 2008, the Court of Appeals for the Third Circuit denied him a certificate of appealability (ECF No. 91). On April 18, 2013, he filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 95). On April 22, 2013, this motion was dismissed. He filed a notice of appeal, but on April 15, 2014, the Court of Appeals entered an order stating that:

> The application for a certificate of appealability is denied. Jurists of reason would not debate the correctness of the District Court's ruling on Richard's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and 28 U.S.C. §

636(c)(4). See 28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 474, 484 (2000); Morris v. Horn, 187 F.3d 333, 339 (3d Cir. 1999). The District Court properly denied the motion. Richard did not present a basis for relief from the District Court's procedural ruling, and his claims that the judgment in his case is void (including those claims that challenge the Magistrate Judge's jurisdiction) are without merit. See Gomez v. United States, 490 U.S. 858, 869 & n.14 (1989). Also, to the extent Richard presented a new claim or claims for habeas relief, his motion was an unauthorized second or successive federal habeas petition that the District Court could not consider. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005).

(ECF No. 103.)

On March 13, 2015, he filed another Rule 60(b) motion (ECF No. 104), which was denied on March 16, 2015. He filed a notice of appeal, but on November 3, 2015, the Court of Appeals entered an order stating that:

> The request for a certificate of appealability is denied because jurists of reason would not debate whether the District Court correctly denied Appellant's motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As the District Court concluded, Appellant's motion did not meet the requirements for relief under Rule 60(a) or Rule 60(b). Rule 60(a) relief was not appropriate because Appellant sought substantive relief beyond correction of a clerical mistake or oversight. Cf. Dudley v. Penn-Am. Ins. Co., 313 F.3d 662, 665 (2d Cir. 2002). Among other reasons, Appellant failed to meet the requirements for Rule 60(b) relief because the motion was not filed within a reasonable time of the United States Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). See Fed. R. Civ. P. 60(c)(1); see also Cox v. Horn, 757 F.3d 113, 115-16 (3d Cir. 2014), cert. denied, 135 S. Ct. 1548 (2015); Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1348 (3d Cir. 1987).

(ECF No. 109.)

On December 22, 2015, he filed the motion currently under consideration, his third Rule 60(b) motion in this case (ECF No. 110). On January 13, 2016, Respondents filed a response (ECF No. 112).

In his motion, Petitioner argues that new and legally binding cases have held that mandatory minimum sentencing laws are facially invalid. He cites Commonwealth v. Wolfe,

2

106 A.3d 800 (Pa. Super. 2014), appeal granted, 121 A.3d 433 (Pa. 2015); and Commonwealth v. Newman, 99 A.3d 86 (Pa. Super. 2014) (en banc). He contends that his sentence should have been no less than 8-16 years and no greater than 12-24 years.

In their response, Respondents argue that: 1) Petitioner already filed a motion to modify or reduce sentence in the Court of Common Pleas of Westmoreland County on December 17, 2015, and the motion remains pending in that court; 2) his argument that recent cases pertaining to child abuse mandatory minimum sentences set forth in 42 Pa. C.S. § 9718 should be applied retroactively is meritless because neither the United States Supreme Court nor the Pennsylvania Supreme Court have held that such cases are to be applied retroactively; 3) as a new claim, his Rule 60(b) motion should be treated as a successive habeas petition and because he has not sought leave to file it from the Court of Appeals, it should be dismissed. Respondents' first argument is sufficient and the Court need not reach the others.

Rule 60(b) allows a court to relieve a party from a final judgment, order or proceeding based on various enumerated factors, but it does not countenance relief in federal court based upon retroactive application of a new case that was decided by a state court. As noted above, on January 8, 2008, this Court dismissed the habeas corpus petition and the Court of Appeals denied him a certificate of appealability on March 19, 2008. His current motion relies upon decisions of the Pennsylvania Superior Court rendered in 2014. It is not within the purview of Rule 60(b) for this Court to review its prior judgment based upon decisions of a state court that were issued six years later. Petitioner's remedy resides in the Court of Common Pleas of Westmoreland County, where he filed a motion to modify sentence on December 17, 2015. If the state courts determine that he is eligible for relief based upon retroactive application of the Superior Court cases he cites, then he will receive such relief in the form of a modified sentence. If not granted, he can

3

appeal to the Pennsylvania appellate courts.

An appropriate order follows.

AND NOW, this 27th day of January, 2016,

IT IS HEREBY ORDERED that the motion for relief from final order pursuant to Rule 60(b) filed on behalf of the petitioner (ECF No. 110) is denied.

s/Robert C. Mitchell\
ROBERT C. MITCHELL\
United States Magistrate Judge