IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS PAUL RICHARD, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs ) | Civil Action No. 07-16 |
| ) | |
| WARDEN SCI GRATERFORD, et al., ) | |
| Respondents. ) | |

Mitchell, M.J.:

## MEMORANDUM and ORDER

Thomas Paul Richard, Sr., filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania which was transferred to this Court on January 5, 2007.[1] He is serving a 25½ to 51 year sentence imposed following his conviction by a jury of rape, involuntary deviate sexual intercourse, aggravated indecent assault, simple assault, endangering the welfare of children and corruption of the morals of a minor at No. 3607 of 1999 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on October 25, 2000.

On January 8, 2008, a Memorandum and Order was filed, dismissing the petition on the merits and denying a certificate of appealability (ECF No. 83). Petitioner filed a notice of appeal, and on March 19, 2008, the Court of Appeals for the Third Circuit denied him a certificate of appealability (ECF No. 91).

On April 18, 2013, he filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 95). On April 22, 2013, that motion was dismissed. He filed a notice of appeal, and on April 15, 2014, the Court of Appeals entered an order stating that:

---

[1] On that date leave to proceed in forma pauperis was also granted (ECF No. 117).

> The application for a certificate of appealability is denied. Jurists of reason would not debate the correctness of the District Court's ruling on Richard's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(c)(4). See 28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 474, 484 (2000); Morris v. Horn, 187 F.3d 333, 339 (3d Cir. 1999). The District Court properly denied the motion. Richard did not present a basis for relief from the District Court's procedural ruling, and his claims that the judgment in his case is void (including those claims that challenge the Magistrate Judge's jurisdiction) are without merit. See Gomez v. United States, 490 U.S. 858, 869 & n.14 (1989). Also, to the extent Richard presented a new claim or claims for habeas relief, his motion was an unauthorized second or successive federal habeas petition that the District Court could not consider. See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005).

(ECF No. 103.)

On March 13, 2015, Richard filed a second Rule 60(b) motion (ECF No. 104) which was denied on March 16, 2015. He filed a notice of appeal and on November 3, 2015, the Court of Appeals entered an order stating that:

> The request for a certificate of appealability is denied because jurists of reason would not debate whether the District Court correctly denied Appellant's motion pursuant to Rule 60 of the Federal Rules of Civil Procedure. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As the District Court concluded, Appellant's motion did not meet the requirements for relief under Rule 60(a) or Rule 60(b). Rule 60(a) relief was not appropriate because Appellant sought substantive relief beyond correction of a clerical mistake or oversight. Cf. Dudley v. Penn-Am. Ins. Co., 313 F.3d 662, 665 (2d Cir. 2002). Among other reasons, Appellant failed to meet the requirements for Rule 60(b) relief because the motion was not filed within a reasonable time of the United States Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). See Fed. R. Civ. P. 60(c)(1); see also Cox v. Horn, 757 F.3d 113, 115-16 (3d Cir. 2014), cert. denied, 135 S. Ct. 1548 (2015); Moolenaar v. Gov't of the V.I., 822 F.2d 1342, 1348 (3d Cir. 1987).

(ECF No. 109.)

On December 22, 2015, he filed his third Rule 60(b) motion. The latter was dismissed on February 25, 2016, and on appeal, the Court of Appeals wrote:

> The foregoing request for a certificate of appealability is denied because jurists of reason would all agree that the District Court did not err in dismissing Richard's Rule 60(b) motion. Slack v. McDaniel, 529 U.S. 475 (2000). The motion presents a direct challenge to the

validity of his sentence, a substantive claim rather than a challenge to a procedural ruling in the disposition of his §2254 petition. This is not a "true" 60(b) motion but a successive §2254 petition, which the District Court lacked jurisdiction to consider because Richard had not obtained our authorization to file it. See Gonzalez v. Crosby, 545 U.S. 524 (2005); Burton v. Stewart, 549 U.S. 147 (2007); 28 U.S.C. §2244(b)(3). We decline to construe Richard's request as a §2244 application because state court decisions are not a basis for authorizing the filing of successive §2254 petitions, §2244(b)(2), and because Alleyne does not apply retroactively to cases on collateral review, United States v. Winkelman, 746 F.3d 134 (3d Cir. 2014).[2]

Undeterred, Richard has now submitted a fourth Rule 60(b) motion the basis of which he contends is the ruling in Dennis v. Secretary, Pennsylvania Department of Corrections, 834 F.3d 263 (3d Cir. 2016)(en banc). Specifically, he writes:

> Should the new Circuit Court ruling of Dennis v. Sect'y of Dept. of Corr. No. 13-9003 allow this Court to re-open its Judgment where two (2) SUBSTANTIVE ERRORS, had occurred in this Court's review, [and] which has caused an INNOCENT PERSON to stand incarcerated; where such holding "directly effects" this Court's Opinion/Judgment with respect to the erroneous standard of review applied, in conjunction to a single claim not ruled on the merits where an impermissible due diligence requirement was erroneously imposed? (ECF No.125 p.1).

In Dennis, the Court held,

> The suppressed Brady material – a receipt corroborating Dennis's alibi, an inconsistent statement by the Commonwealth's key eyewitness, and documents indicating that another individual committed the murder – effectively gutted the Commonwealth's case against Dennis. The withholding of these pieces of evidence denied Dennis a fair trial in state court. We will therefore affirm the District Court's grant of habeas relief based on his Brady claims. 848 F.3d at 269.

Petitioner now seeks to apply this holding to his original challenge and contends:

The Court reviewed Petitioner's claims… This Court found that claims #1, 3, 5, & 6, were procedurally defaulted … This standard was erroneously & incorrectly applied.

The Petitioner raises his claims pursuant to State Law … which, is intertwined with Federal Law…

This Court was mandated to engage in de-novo review, where the State Court rested its opinion on these claims in its per curium Order …

---

[2] C.A. Docket 16-1691, Order of July 20, 2016.

3

> The Circuit Court held in Dennis, supra.. that it has clarified the Richter standard, as applied to the AEDPA standard, when the State Court fails to explain the reason(s) it denied relief…
>
> This Court should have reviewed the Movant's claim … de novo as requested and mandated by law, as the Petitioner did meet his burden of showing that the State Court had no reasonable basis to deny relief…(ECF No.125, pp.1-2).

In our January 8, 2008 Memorandum addressing the issues raised in Richard's original petition, we concluded that he had procedurally defaulted all his claims except the challenge to the effectiveness of counsel for failing to challenge the DNA evidence and its chain of custody, and for failing to challenge the length of the sentence. As we observed in our Memorandum, as noted by the Superior Court, trial counsel did challenge the DNA expert testimony; that he believed as a matter of trial strategy he should not call his own expert; that the petitioner conceded that the DNA evidence was his and that there was no defect in the chain of custody. (ECF No.83 pp.8-11). We also concluded that as his imposed sentence was within the statutory range, his challenge was likewise meritless. (Id. p.13).

Petitioner now appears to be contending that his other claims should not have been determined to be procedurally defaulted. Clearly, these claims were matters to address in his original habeas merits appeal and thus fall within the ambit of a successive petition. For this reason leave of the Court of Appeals is necessary before the merits of his allegations can be considered. 28 U.S.C. §2244(b)(3)(A); Gonzalez v. Crosby, 545 U.S. 524 (2005). Accordingly, his Rule 60(b) motion, recognized for what it is, i.e., a successive petition, will be denied.

An appropriate Order will be entered.

Filed: January 20, 2017                     s/ Robert C. Mitchell
                                            United States Magistrate Judge

ORDER

AND NOW, this 20th day of January, 2017, Petitioner's Rule 60(b) motion (ECF No. 125) treated as a successive petition is DISMISSED.

Any party desiring to appeal this dismissal is advised that a notice of appeal must be filed within thirty (30) days of this Order. F.R.App.P. 4.

s/ Robert C. Mitchell
United States Magistrate Judge